UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

RICHARD H. WEILAND JR.,

    Plaintiff,

v.

ARS NATIONAL SERVICES INC.,

    Defendant.

Case No. 1:20-cv-02220

## COMPLAINT

**NOW COMES** Plaintiff, RICHARD H. WEILAND JR., through undersigned counsel, complaining of Defendant, ARS NATIONAL SERVICES, INC., as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.  RICHARD H. WEILAND JR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7. ARS NATIONAL SERVICES INC., ("Defendant") is a corporation organized and existing under the laws of Delaware.

8. Defendant maintains its principal place of business at 2750 W. 2nd Avenue, Escondido, California 92025.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9571.

12. At all times relevant, Plaintiff's number ending in 9571 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. Plaintiff's wife applied for a credit card with Citibank, N.A. ("Citi").

15. Upon approval, Citi mailed Plaintiff's wife a credit card ("Citi card").

16. Due to unforeseen financial difficulty, Plaintiff's wife defaulted on the Citi card ("subject debt").

17. Citi eventually filed a lawsuit to collect the subject debt and obtained a judgment against Plaintiff's wife.

18. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. In August 2020, Plaintiff started to receive collection calls from Defendant attempting to collect the subject debt.

20. On multiple occasions, Plaintiff answered Defendant's collection calls.

21. During the answered calls, Plaintiff advised Defendant's representative that he did not owe the subject debt and that it was illegal for Defendant to pressure him into paying a debt that did not belong to him.

22. Furthermore, in each answered call, Plaintiff requested that Defendant cease its collection calls to him.

23. Despite Plaintiff's requests, Defendant's collection calls persisted.

24. In total, Defendant placed dozens of harassing collection calls to Plaintiff after Plaintiff requested that the collection calls cease, including calls from the phone numbers (216)-553-0538 and (216)-553-0672.

25. In the calls that Plaintiff answered, Plaintiff was met by an approximate three-second period of dead air prior to being connected to an agent.

26. At no point in time did Plaintiff provide Defendant with his cellular phone number or otherwise consent to receive calls from Defendant.

## DAMAGES

27. Defendant's harassing collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

28. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of

privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Moreover, each time Defendant placed a collection call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

30. Due to Defendant's refusal to cease its collection calls, Plaintiff was forced to file this action to compel Defendant to cease its unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

32. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

33. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly placing collection calls to Plaintiff in an attempt to collect a debt owed by Plaintiff's wife.

34. Defendant's collection calls were placed with the hopes that Plaintiff will submit to the pressure of the collection calls and make a payment on a debt owed by his wife.

35. Defendant's collection calls to Plaintiff were placed with the specific intent of annoying, harassing, and abusing Plaintiff.

36. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

37. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692d(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs;

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone, utilizing an ATDS or an artificial or prerecorded voice, without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

40. Upon information and belief, based on the three-second period of dead air Plaintiff experienced in the answered calls, Defendant employed an ATDS to place calls to Plaintiff.

41. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the lengthy period of dead air.

42. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

43. As pled above, Plaintiff never provided Defendant with his cellular phone number or otherwise consented to receive calls from Defendant.

44. As pled above, Plaintiff revoked consent to be called on his cellular telephone.

45. As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

46. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

47. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

48. Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

49. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

50. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 30, 2020          Respectfully submitted,

**RICHARD H. WEILAND JR**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com